UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MOISES FERNANDEZ, et al.** ) | | |
| Plaintiffs ) | | |
|  ) | | |
| v. ) | CIVIL ACTION NO. 09-12149-EFH | |
|  ) | | |
| **KYLE WILCOX, et al.** ) | | |
| Defendants. ) | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I.   Introduction

Defendants Fabian Guerrero, Ryan Guthrie, and Terence Pennington[1] (hereinafter, "the Defendants") submit this memorandum in support of their Motion to Dismiss the complaint filed against them by Plaintiffs Moises and Ruben Fernandez (hereinafter, "the Plaintiffs"). The Complaint is ripe for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as to the Defendants because it fails to state a claim upon which relief may be granted against them.

II.   Argument

THE PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THESE DEFENDANTS BECAUSE IT CONTAINS NO FACTUAL ALLEGATIONS THAT, IF PROVEN, WOULD SUPPORT THE CONCLUSION THAT THE MOVANTS VIOLATED THE PLAINTIFFS' CIVIL RIGHTS

a.   Alleged Facts Contained In The Complaint And Legal Standard

The Plaintiffs filed a complaint in the United States District Court, District of Massachusetts, on or about December 18, 2009 alleging that they were wrongfully arrested and mistreated by Officer Kyle Wilcox and other members of the Lawrence Police Department in December, 2006. Complaint at ¶¶ 14-81. Five current or former members of the Lawrence

---

[1] The complaint misidentifies Officer Guthrie as "Guthrie Ryan" and misspells Officer Pennington's first name.

Police Department, as well as the City of Lawrence, the Mayor, and the Chief of Police are all named as defendants.[2] The Complaint contains eight counts, all of which appear to seek relief against all of the named defendants in the suit.

The Complaint makes specific (and contested) factual allegations pertaining to Wilcox sufficient to state a claim for relief. Complaint at ¶¶ 14-81. The Complaint, however, fails to allege specific facts attributable to the other defendants sufficient to form any basis for liability. Other than identifying them as parties who were police officers, the Defendants do not appear in any specific allegations of fact other than the following:

<u>Allegations against all three Defendants</u>

> 74.   The following officers who came in contact with plaintiffs, and who testified in the criminal case, lied about the circumstances of the plaintiffs' beating: Guthrie, Terrance [sic] Pennington, Lt. McNamara, and Fabian Guerrero (who coyly claimed he didn't see blood because "I wasn't looking for any blood").

<u>Allegations against Officer Guerrero individually</u>

> 37.   At the station after being deposited in one cell (the pink room) by Officer Guerrero, Moises was visited by Wilcox who appeared to hiding [sic] an object behind his back.

> 55.   After 3-4 steps Ruben was thrown face first into the floor by Wilcox, even though he was making no effort to escape as suggested by Wilcox, and officer Guerrero was present for this abuse according to Ruben.

<u>Allegations against Officer Guthrie individually</u>

> 30.   Wilcox stopped choking Moises and summoned his partner, Ryan, to the basement with a radio call.

> 33.   Moises, Wilcox, Ruben, Moises' son, and Officer Guthrie Ryan [sic] went upstairs to the first floor and exited in the presence of the property owner, Altagracia Fernandez, who was holding a baby girl of a few months age.

---

[2] The complaint at ¶ 13 also makes reference to five John Doe defendants, but does not appear to attempt to state any claim against them.

> 34. Suddenly Officer Wilcox sprayed Ruben with pepper spray and told Officer Ryan "Take this motherfucker too" referring to Ruben, who was at that time holding the hand of Moises' son.
>
> 35. Ryan put the handcuffs on Ruben while Wilcox punch [sic] Ruben several times in the back.

<u>Allegations against Officer Pennington individually</u>

> 53. At Wilcox's trial, Ruben Fernandez testified the wagon door was initially opened by defendant Pennington, who laughed and closed the door with Ruben still in the wagon.
>
> 54. Minutes after Pennington shut the door, Wilcox opened the wagon door to take Ruben out.

<u>Id.</u>.

The allegations against these Defendants are insufficient to constitute a basis for relief. In particular, the Complaint does not allege *any* facts which would support a legal conclusion that the Defendants violated the Plaintiffs' civil rights or committed any form of tortious conduct against them, as alleged in Counts I through VIII of the Complaint. This is no mere technical omission. There is, simply put, nothing in the Complaint which would entitle the Plaintiffs to any recovery against these Defendants.

While the Plaintiffs are not required to set forth detailed factual allegations in their complaint, they are required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). <u>See</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, the factual allegations of a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" <u>Sanabria v. City of Lawrence, et al.</u>, 2009 WL 2711903, at *2 (D. Mass. 2009) (quoting <u>Twombley</u> and citing <u>Thomas v. Rhode Island</u>, 542 F.3d 944, 948 (1st Cir. 2008)). <u>See</u> <u>also</u> <u>id.</u> citing <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 307 (1st Cir. 2008) (upholding dismissal of a section 1983 claim

where plaintiff's claim was "conclusory and . . . not substantiated by reasonable inference from the well-pleaded facts"). The Plaintiffs have filed a statement of their allegations that does not meet this modest burden, at least as concerns the Defendants here. Interpreting the pleadings in the most generous light imaginable, there is no basis to grant relief against the Defendants on any of the eight counts in the Complaint.

The United States Supreme Court has recently issued guidance for trial courts on the standards pleadings must meet to survive a motion to dismiss in the context of civil rights actions. See Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009). In Iqbal, the Court held that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S.Ct. at 1949 (citing Twombley). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Crucially, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. Here, while the Plaintiffs will no doubt argue that they ought to be permitted discovery to develop claims against the Defendants, their Complaint is not a sufficient key to unlock that door. Indeed, it is difficult to imagine a more threadbare set of allegations than those against the Defendants. The conduct alleged to have been committed by these Defendants simply could not give rise to any liability.

The Iqbal court suggested that a court considering a motion to dismiss "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Allegations that all named Defendants are liable to the

4

Plaintiffs on each of eight counts constitute nothing more than unsupported conclusions. The Court should therefore not credit the allegations, such as they are, contained within those paragraphs. This leaves the paragraphs cited above as the only allegations specifically directed to them at all. The Court should then assume the veracity of these paragraphs "and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950. As shown below, these paragraphs cannot plausibly give rise to any entitlement to relief on the Plaintiffs' claims. The Complaint, therefore, must be dismissed as against these Defendants.

      b.    <u>The Specific Facts Alleged Against Officer Guerrero, Even If Proven, Would Not Entitle The Plaintiff To Any Relief.</u>

As an initial matter, the allegations contained in paragraph 74 of the complaint may be disposed of summarily. Even assuming for the sake of argument only that Officer Guerrero and the other Defendants *did* perjure themselves, police officers are entitled to absolute immunity from suit under § 1983 for perjury during criminal trials. Briscoe v. LaHue, 460 U.S. 325, 326 (1983). For state actors, the Massachusetts Civil Rights Act is essentially coextensive with § 1983, so it too does not create liability for perjurious testimony. See, e.g., Nelson v. City of Cambridge, 101 F. Supp. 2d 44 (D. Mass. 2000); Canney v. City of Chelsea, 925 F. Supp. 58 (D. Mass. 1996); Batchelder v. Allied Stores Corp., 473 N.E.2d 1128 (Mass. 1985).

The remaining allegations against Officer Guerrero are that he placed Moises Fernandez in a holding cell and was present when Officer Wilcox allegedly used unreasonable, and thus excessive, force by throwing Ruben Fernandez to the ground. See Complaint at ¶¶ 37, 55. There is no allegation that Officer Guerrero acted unreasonably in placing Moises Fernandez in the

holding cell, or that this action in any way harmed him. See also M.G.L. c. 263, § 3.[3] The plaintiff is thus left with the allegation that Officer Guerrero was present for Officer Wilcox's alleged use of excessive force upon Ruben Fernandez.

Police officers can be held liable under § 1983 for failure to intervene and protect a victim of excessive force from another officer. See, e.g., Wilson v. Town of Mendon, 294 F.3d 1, 6-7 (1st Cir. 2002); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 207 n. 3 (1st Cir. 1990); Nolan v. Krajcik, 384 F. Supp. 2d 447, 465 (D. Mass. 2005); Hathaway v. Stone, 687 F. Supp. 708, 711-13 (D. Mass. 1988). A police officer's duty to intervene, however, is not absolute; for liability to attach, an officer must have had a "realistic opportunity to prevent an attack." Gaudreault, 923 F.2d at 207 n. 3 (internal quotation marks omitted). "[A]n onlooker cannot be charged with section 1983 liability for another's sudden, momentary actions." Jesionowski v. Beck, 937 F. Supp. 95, 104 (D. Mass. 1996) (quoting Noel v. Town of Plymouth, 895 F. Supp. 346, 352 (D. Mass. 1995)). General fourth amendment standards of reasonableness apply. Cf. Hathaway, 687 F. Supp. at 713. If one officer is using excessive force, others "may be held liable if they were present when the plaintiff was beaten, they knew that such force was being used, and they failed to stop [the other officer] from using such force." Id. at 712. If the original force used was not excessive, of course, there would not be any liability for failure to intervene to prevent that force.

Even assuming (for the purposes of this motion only), that Officer Wilcox did assault the Plaintiff in the manner alleged in paragraph fifty-five of the complaint, there are no facts pled

---

[3] "No action, except for use of excessive force, shall lie against any officer other than the arresting officer, by reason of the fact that, in good faith and in the performance of his duties, he participates in the arrest or imprisonment of any person believed to be guilty of a crime unless it can be shown that such other officer in the performance of his duties took an active part in the arrest or imprisonment as aforesaid, either by ordering or directing that said arrest or imprisonment take place or be made, or by actually initiating the making and carrying out of said arrest and imprisonment."

that would enable a trier of fact to find that Officer Guerrero was forewarned of Officer Wilcox's intentions, or that the alleged assault on Ruben continued *after* he had been thrown to the ground. There is thus no factual underpinning in the complaint to support a conclusion that Officer Guerrero had any realistic opportunity to prevent Ruben from being thrown to the ground or to prevent any continuation of the attack afterwards. The absence of such allegations doom the Plaintiffs' theory that liability should be imposed. Cf. Gaudreault, 923 F.2d at 207 n. 3 (no opportunity to intervene where "the attack came quickly and was over in a matter of seconds").

In sum, the failure to intervene theory against Officer Guerrero rests wholly on a threadbare assertion of his fortuitous presence when Officer Wilcox allegedly threw Ruben to the ground, a manifestly insufficient basis upon which to impose § 1983 liability against Guerrero.

    c.    The Specific Facts Alleged Against Officer Guthrie, Even If Proven, Would Not Entitle The Plaintiff To Any Relief.

As set forth above, Officer Guthrie's alleged perjury could not subject him to liability for civil damages. Briscoe v. LaHue, 460 U.S. 325, 326 (1983). The remaining allegations against Officer Guthrie are that he went down to the basement, accompanied Officer Wilcox and others back up the stairs, arrested Ruben Fernandez at Officer Wilcox's direction after Officer Wilcox had pepper sprayed him, and handcuffed him while Officer Wilcox allegedly punched him. Complaint at ¶¶ 30, 33-35. These allegations are simply insufficient to establish any basis for liability against Officer Guthrie.

A Massachusetts police officer is privileged in his conduct if he participates in an arrest at the direction of another officer, so long as he does not use excessive force during the course of the arrest. See M.G.L. c. 263, § 3. There is no allegation that Officer Guthrie himself used any force, excessive or otherwise, against the Plaintiff before, during, or after the handcuffs were applied. The only remaining possible claim, then, is that Officer Guthrie failed to intervene to

7

prevent Officer Wilcox's alleged use of excessive force.

That claim too, however, must fail, as an examination of the precedent makes clear.  In Gaudreault, the plaintiff alleged that an officer had hit him with a night stick and kicked him in the head.  923 F.2d at 206.  Nevertheless, the court noted that other officers who had been present for the alleged assault had had no realistic opportunity to intervene.  Id. at 207 n. 3. Similarly, in Jesionowski other officers were held to have no opportunity to intervene to prevent an assault where the assaulting officer allegedly twice kicked the plaintiff in the head.  923 F.2d at 206.  Finally, in Noel, the court held that there was no opportunity to intervene to prevent a blow to the face followed by a blow to the back.  895 F. Supp. at 353.  See also Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996); O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988); Parlin v. Cumberland County, 659 F. Supp. 2d 201, 210-11 (D. Me. 2009); Martin v. Anderson, 107 F. Supp. 2d 1342, 1350 (M.D. Ala. 1999).

Here, there is no allegation that the alleged beating of Ruben Fernandez continued for any extended period.  The Plaintiff alleges that he was pepper sprayed and then punched several times in the back by Officer Wilcox.  The complaint is devoid of any factual allegations that the assault, assuming that it actually occurred, lasted for a duration exceeding a few seconds.  As with Officer Guerrero, there is no allegation that Officer Guthrie was in any way forewarned of the impending assault or that its duration was such that Guthrie purposefully ignored an ongoing beating.  As a matter of law, then, the allegations against Officer Guthrie are insufficient to state a claim for relief.

      d.    The Specific Facts Alleged Against Officer Pennington, Even If Proven, Would Not Entitle The Plaintiff To Any Relief.

As with the other officers, Officer Pennington's alleged perjury could not subject him to liability for civil damages.  Briscoe v. LaHue, 460 U.S. 325, 326 (1983).  The only remaining

allegation against Officer Pennington, other than that he is, in fact, a police officer, is that he opened a door, laughed, and then closed the door, *before* the alleged station house beating. See Complaint at ¶¶ 53-54. There is no allegation that Pennington's alleged laugh was a response to any excessive force observed by him or that this conduct somehow damaged the Plaintiff in any way. The jocularity attributed to Officer Pennington is thus a clearly inadequate basis for recovery under any conceivable theory of liability.

### III. Conclusion

For all of the foregoing reasons, the Defendants Fabian Guerrero, Ryan Guthrie, and Terence Pennington respectfully request that this Honorable Court DISMISS, in its entirety, the Complaint as to them.

                                          Respectfully submitted,
                                          For the Defendants,
                                          **FABIAN GUERRERO,**
                                          **RYAN GUTHRIE, and**
                                          **TERENCE PENNINGTON**
                                          By their attorneys,

                                          /s/ Mark Esposito_____
                                          Matthew E. Dwyer
                                          B.B.O. # 139840
                                          Mark J. Esposito
                                          B.B.O. # 672638
                                          Dwyer and Duddy
                                          Attorneys at Law, P.C.
                                          Two Center Plaza, Suite 430
                                          Boston, MA 02108
Date:  April 21, 2010                        (617) 723-9777

10

## **CERTIFICATION**

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel and have attempted in good faith to resolve or narrow the issue herein.

/s/ Mark Esposito_____
Mark J. Esposito

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on this date.

/s/ Mark Esposito_____
Mark J. Esposito

F:\LPA\FernandezvWilcox09-12149\pldgs\mem.sup.mot.dismiss.doc