UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOISES FERNANDEZ, et al.<br><br>　　Plaintiffs,<br><br>v.<br><br>KYLE R. WILCOX, et al.,<br><br>　　Defendants | Civ. No.  09-12149-EFH |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
ON BEHALF OF DEFENDANT SCOTT MCNAMARA**

**I.   INTRODUCTION**

Defendant Scott McNamara ("McNamara") submits this Memorandum in support of his Motion to Dismiss the Complaint filed by Plaintiffs Moises Fernandez and Ruben Fernandez ("the Plaintiffs").  The Complaint fails to allege sufficient facts, even if taken for the purposes of this Motion to be true, to form the basis of any relief against him, and as such fails to state a claim.  Therefore, McNamara is entitled to dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON
　　　　WHICH RELIEF MAY BE GRANTED AGAINST MCNAMARA**

The Plaintiffs filed an eight-count Complaint in this Court on or about December 21, 2009.  The Complaint appears to seek relief against all

Defendants on all counts, and on behalf of both Plaintiffs on all counts.  See Complaint at ¶¶110-124 (while the paragraphs 110, 112, 114, 116, 118, 120, 121, and 122 refer to "the plaintiff," paragraphs 111, 113, 115, 117, 119, 120, 122, and 124 refer to "the plaintiffs").  Speaking generally, the Complaint appears to allege that the Plaintiffs were wrongfully arrested and thereafter mistreated by one or more members of the Lawrence Police Department, and names as defendants five current or former Lawrence police officers, as well as the City of Lawrence, the Mayor of Lawrence, and the Chief of Police.

Despite its length, the Complaint fails to attribute sufficient acts or omissions to McNamara sufficient to form any basis for liability.  The only specific allegations of fact relating to McNamara are the following:

> ¶ 9.   Defendant Lt. McNamara ("McNamara"), sued in his individual and official capacities as a police officer of Lawrence at the time of this incident, who was acting under of color of the laws of Massachusetts and who was the agent, servant, or employee of the City.
>
> ¶ 43.[1] The recording of the 911 call made to the State Police and the response of the Lt. McNamara who answered it provides a chilling picture of the incident underlying this action. Excerpts include:  "Yeah, I need help… Where are you… I'm in the police station in Lawrence, Massachusetts… You're in the police station?... Yeah, and they hit, they hitting me [unintelligible] they hitting me a lot I'm bleeding a lot… They

---

[1]   This paragraph (43) appears to excerpt from a document, not allege any free-standing facts.  Without waiving any objection to this paragraph's inclusion in the Complaint, McNamara assumes for the purposes of this Motion that the Plaintiffs intend to allege that the events described in their excerpt happened for the purposes of their Complaint.  McNamara does not concede the authenticity or accuracy of the "excerpts" cited by the Plaintiffs.  Nor do transcripts of 911 calls or testimony fall within the category of "matters of public record" properly before a court considering a motion to dismiss.

hit you? Huh? What did you say … They hit me in the ear… What's your name? Moises Fernandez. What is your name? Moises Fernandez… Ok, Hold on a second, sir, hold on… [911 operator calls Lawrence PD]… I have a phone caller that reports he's in your police station; and he needs some assistance, he's bleeding… Ok [Laughter by Lt. McNamara at Lawrence PD] – we'll uh, we'll send somebody down.

¶ 57.[2] Officers up the chain of command signed off on Mr. Wilcox's report validating it as an official report, and they are also responsible to the Fernandez brothers.

¶ 74.[3] The following officers who came into contact with plaintiffs, and who testified in the criminal case, lied about the circumstances of the plaintiffs' beating: Guthrie, Terrance Pennington, Lt. McNamara, and Fabian Guerrero (who coyly claimed he didn't see blood because "I wasn't looking for any blood").

¶ 75.[4] Lt. McNamara testified at a court hearing before Judge Lynne Rooney that "I saw that (Fernandez was) not in the process of being abused in any way," and despite the injuries he never bothered to start an investigation into this case.

These allegations do not provide a basis for relief against McNamara. In particular, and as discussed in detail below, the Complaint does not allege sufficient facts which could support a finding that McNamara violated either of the Plaintiffs' civil rights, or otherwise committed tortious conduct, as alleged in the eight counts of the Complaint.

---

[2]     This paragraph does not mention McNamara by name, or attribute any particular act to him, but since he is alleged to have been a Lieutenant at the relevant time, he would fall into the category of "officers up the chain of command."

[3]     While the Plaintiffs do not specify what in particular McNamara said that was not true, it does not matter for present purposes because, inter alia, police officers are entitled to absolute immunity from suit under §1983 for perjury during criminal trials. See Bricoe v. LaHue, 460 U.S. 325, 326 (1983).

[4]     The Complaint does not make clear which of the Plaintiffs McNamara allegedly testified about.

The application of Federal Rule of Civil Procedure 12(b) is familiar and need not be belabored here.  When ruling on a Motion brought under this Rule, the Court must accept the facts stated in the Complaint as true.  See, e.g., Lamoureaux v. Haight, 648 F.Supp.1169, 1172 (D. Mass. 1986).  Further, "[t]he court must also view those alleged facts in the light most favorable to the plaintiff, and the complaint may only be dismissed if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief.'"  See id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Nevertheless, while the Plaintiffs are not required to set forth detailed factual allegations in their Compliant, they are required to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"); Thomas v. Rhode Island, 542 F.3d 944, 948-49 (1st Cir. 2008).  This, they have failed to do.

The United States Supreme Court has very recently ruled on the minimum standards for pleadings.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (May 18, 2009) ("Iqbal").  In Iqbal, the Court held that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  129 S. Ct. at 1949 (citing Twombley).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing than conclusions."  Id. at 1950.  Here, while the Plaintiffs will no doubt argue that

4

they ought to be permitted to conduct discovery to develop claims against McNamara, their Complaint is not a sufficient key to unlock that door. Indeed, the Complaint comes perilously close to the line set by Fed. R. Civ. P. 11, if it does not cross it.

The Iqbal court suggested that a court considering a motion to dismiss "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct at 1950. This description applies to paragraphs 103, 104, 105, 107, 108, 111, 113, 115, 117, 119, 120, 122, and 124, as well as the second clause of paragraph 57. The Court should therefore not credit the allegations, such as they are, within these paragraphs. This leaves paragraphs 9, 43, 57 (first clause), 74 and 75 as the only portions of the Complaint making any reference to McNamara at all. As the next step to considering this Motion to Dismiss, the Court should assume the veracity of these paragraphs "and then determine whether they plausibly give rise to an entitlement to relief." Id. Paragraph 9 alleges no more than McNamara's employment as a police officer by the City of Lawrence, and thus does not give rise to any entitlement to relief.

This leaves paragraph 43, which alleges that McNamara received a call from the State Police informing him that a detainee was bleeding and needed assistance, which McNamara said he would provide; the first clause of paragraph 57, which alleges that "officers up the chain of command," possibly including McNamara, "signed off on Mr. Wilcox's report validating it as an official report"; paragraph 74, which alleges that McNamara "came in contact

5

with [the] plaintiffs," "testified in the criminal case [against Wilcox]" and "lied about the circumstances of the plaintiffs' beating"; and paragraph 75, which alleges that McNamara testified at a hearing that "I saw that (Fernandez) was not in the process of being abused in any way," and further testified that "despite the injuries he never bothered to start an investigation into this case." Notably, nowhere do the Plaintiffs allege where or when McNamara "came into contact" with them, or what he allegedly saw, said, or did when he did so.

The allegations summarized in the preceding paragraph do not make up the elements of proof of any of the eight counts in the Complaint in this matter, much less all eight of them. As to the first and third Counts, the Complaint nowhere specifies how McNamara allegedly deprived either Plaintiff of a right secured by the Constitution or by the laws of the United States or of Massachusetts. As to the second Count, even assuming that the Plaintiffs have made a proper presentation of their claim under M.G.L. c. 258, §§ 2,4, McNamara is not a "public employer" within the meaning of that statute.

As to the fourth and fifth counts, the Plaintiffs nowhere allege that McNamara witnessed either any supposed assault and battery, arrest, or false imprisonment, much less participated in such. Nor is it alleged that McNamara ever had notice of the assault and battery upon the Plaintiffs, much less any opportunity to intervene.[5] As to the sixth and seventh counts of the

---

[5]   Assuming that the Plaintiffs will cite the 911 call as the basis of some imputed knowledge to McNamara of the beating they allege, a careful reading of paragraph 43 of the Complaint shows that the Plaintiffs allege complaining of a beating to the State Police dispatcher, but that the State Police dispatcher

6

Complaint, nowhere do the Plaintiffs set forth any description of anything McNamara supposedly did that either intentionally or negligently inflicted emotional distress upon either of them.  Finally, even if one infers from the Complaint that McNamara owed the Plaintiffs some duty of care, nowhere does the Complaint specify how McNamara could have breached that duty, or what harm either Plaintiff suffered as a result.  Thus, there are no facts alleged which could form the basis of a finding of negligence against McNamara (count 8).[6]

Assuming that the Plaintiffs may argue that the acceptance of Wilcox's report as an "official report" forms the basis for liability of "officers up the chain of command" (Complaint at ¶57), possibly including McNamara, under one or more of the Counts of the Complaint, they have not alleged sufficient facts to warrant any such liability.  In particular, even if one indulges in the assumption that McNamara was among the "officers up the chain of command" who signed off on the report, the Plaintiffs have not alleged that McNamara knew or had reason to know, at the time the report was signed, that anything contained therein was false.

---

(allegedly) tells McNamara that one of the Plaintiffs is bleeding and claims a need for assistance.  See Complaint at ¶ 43.

[6]     The Plaintiffs do allege that McNamara testified that he saw one or the other of them in the process of not being abused, and that he testified he did not investigate this non-abuse "despite the injuries."  Even assuming arguendo that the Plaintiffs can launder allegations through McNamara's testimony, which they themselves cast aspersions on, this is not specific enough for McNamara to respond to, or to form the basis of any recovery against McNamara.

7

In sum, in order to proceed against McNamara on one or more counts of a Complaint filed in federal court, the Plaintiffs must state, with some specificity, what they allege McNamara did to them.  Because they have failed to do so, their Complaint must be dismissed.

### III.   CONCLUSION AND REQUEST FOR RELIEF

Under Fed. R. Civ. P. 8 and the analysis undertaken by the Iqbal court, the Plaintiffs have failed to allege sufficient facts to entitle them to any relief against McNamara, under any count of the Complaint against him. Accordingly, the Complaint fails to state a claim against McNamara upon which relief may be granted.  For all of the reasons set forth above, McNamara asks that the Complaint be DISMISSED as to him, and that the Court grant such other and further relief as justice may require.

Respectfully submitted,

For Defendant Scott McNamara,
/s/ Mark Hickernell
Mark A. Hickernell, BBO #638005
McDonald, Lamond, & Canzoneri
153 Cordaville Road, Suite 320
Southborough, MA  01772
(508) 485-6600
Email:
mhickernell@masslaborlawyers.com

Date:  May 6, 2010

**CERTIFICATE OF SERVICE**

    I, Mark A. Hickernell, do hereby certify that a true copy of the foregoing Memorandum In Support Of Motion To Dismiss On Behalf Of Defendant Scott McNamara has been served on all attorneys of record via the Electronic Case Filing System today.

Date:  May 6. 2010          */s/ Mark A. Hickernell*
                                          Mark A. Hickernell